

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2004

# USA v. Baskerville

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4321

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Baskerville" (2004). *2004 Decisions.* Paper 625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 03-4321

———————

UNITED STATES OF AMERICA

v.

RONSHEEK BASKERVILLE
Appellant

———————

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00086)
District Judge:  Hon. Christopher C. Conner

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004

BEFORE:  ROTH and STAPLETON, Circuit Judges,
and SCHWARZER,* District Judge

(Filed: June 2, 2004)

———————

———————

* Hon. William W. Schwarzer, United States District Judge for the Northern District of
California, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Ronsheek Baskerville pled guilty to uttering and possessing counterfeit United States currency and to possessing a firearm following a felony conviction. His presentence report recommended a four-level enhancement for possession of a firearm in connection with another felony offense – *i.e.*, the counterfeiting offense. Baskerville objected to this enhancement and testified at the sentencing hearing that he always carried a gun for personal protection and that, while he knew he was carrying a loaded firearam when he went to pick up the counterfeit notes, he was not upset with anyone and did not carry it to threaten anyone or to protect the notes.

After the sentencing hearing, the District Court determined that the four-level enhancement was appropriate. It found that the "mere fact that the defendant typically or frequently carried a gun [did] not mandate a finding that this gun was of no use or of no moment in the commission of the counterfeiting offense." App. at 75. The court found that "there [was] enough circumstantial evidence [in this case], particularly in light of his statements that he knew he had a gun on his possession, and in light of the amount of the counterfeiting money involved in the offense" to support the finding that the firearm was

2

used and possessed in relation to another felony offense, namely counterfeiting.  App. at 75-76.  Baskerville was sentenced to 130 months of imprisonment on the counterfeiting count and 120 months on the felony possession count, to be served concurrently.  App. at 79-80.

As we held in *United States v. Loney*, 219 F.3d 281, 288 (3d Cir. 2000):

[W]hen a defendant has a loaded gun on his person while caught in the midst of a crime that involves in-person transactions, whether involving drugs or not, a district judge can reasonably infer that there is a relationship between the gun and the offense and hence § 2K2.1(b)(5) is satisfied.

While *Loney* speaks only of a permissible inference, the District Court, based on all of the circumstantial evidence, chose to draw that inference.  It did not err in doing so.

The judgment of the District Court will be affirmed.